**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **STEVE BOWLER, DWIGHT WATSON, CHRIS KASSAB, PAULA ANTKOWIAK, and MATTHEW DOUBET, on behalf of themselves and a class of individuals similarly situated,** | ) | |
| **Plaintiffs,** | ) | |
| **V.** | ) | **Case No. 4:15CV600NCC** |
| **ALLIEDBARTON SECURITY SERVICES, LLC,** | ) | |
| **Defendant.** | ) | |

**MEMORANDUM AND ORDER**

Before the court is the Motion to Remand filed by Plaintiffs Steve Bowler, Dwight Watson, Chris Kassab, Paula Antkowiak, and Matthew Doubet (jointly, Plaintiffs). (Doc. 6). Also before the court are Plaintiffs' Motion for Attorney's Fees Under 28 U.S.C. § 1447(c) (Doc. 8), and the Motion for Reconsideration and Dissolution of Court Order on Plaintiffs' Emergency Motion to Enjoin Defendant's Contact with Putative Class Members filed by Defendant AlliedBarton Security Services, LLC, (Defendant) (Doc. 14). The matters are fully briefed and ready for

disposition.[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c). (Doc. 27).

## I.
## BACKGROUND

On February 24, 2015, Plaintiffs, who are Security Officers employed by Defendant, filed a Petition in the Circuit Court of the City of St. Louis, Missouri. On April 9, 2015, Defendant removed this matter from the Circuit Court of the City of St. Louis to federal court based on this court's federal question jurisdiction, as conferred by 28 U.S.C. §1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

On April 10, 2015, Plaintiffs filed a First Amended Class Action Petition adding Matthew Doubet as a named Plaintiff. (Doc. 12). The allegations of the First Amended Class Action Petition track the original allegations as they relate to Defendant's practice of failing to properly pay its Security Officers in Missouri the straight-time and overtime wages to which they are allegedly entitled by law. Specifically, Plaintiffs claim that Defendant requires its Missouri-based Security

---

[1] Plaintiffs filed a Response to Defendant's Motion for Reconsideration. (Doc. 15). Defendant filed a Memorandum in Opposition to Plaintiffs' Motion to Remand and For Attorneys' Fees. (Doc. 17). Plaintiffs filed a Reply Memorandum in Support of their Motion to Remand to State Court (Doc. 20), and a Reply Memorandum in Support of their Motion to Attorney's Fees Pursuant to 28 U.S.C. § 1447 (c) (Doc. 21). Also, Defendant filed a Surreply in Support of its Opposition to Plaintiffs' Motion to Remand. (Doc. 26).

Officers to work and remain at their posts, without relief, during purported thirty-minute meal breaks, and that Defendant does not pay the Security Officers for this thirty-minute period.

Plaintiffs bring Count I pursuant to Mo. Rev. Stat. § 290.505[2] and Mo. Rev. Stat. § 290.527[3] "for Underpayment of Overtime Wages and Liquidated Damages." In Count II, Plaintiffs allege Breach of Contract based on Defendant's

---

[2] As relevant to this cause of action, Mo. Rev. Stat. § 290.505 states:

> 1. No employer shall employ any of his employees for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.
>
> . . . .
>
> 4. Except as may be otherwise provided under sections 290.500 to 290.530, this section shall be interpreted in accordance with the Fair Labor Standards Act, 29 U.S.C. Section 201, et seq., as amended, and the Portal to Portal Act, 29 U.S.C. Section 251, et seq., as amended, and any regulations promulgated thereunder.

[3] As relevant, Mo. Rev. Stat. § 290.527 states:

> Any employer who pays any employee less wages than the wages to which the employee is entitled under or by virtue of sections 290.500 to 290.530 shall be liable to the employee affected for the full amount of the wage rate and an additional equal amount as liquidated damages, less any amount actually paid to the employee by the employer and for costs and such reasonable attorney fees as may be allowed by the court or jury. The employee may bring any legal action necessary to collect the claim.

employee handbook, which sets forth employee hourly wages and provides "time-and-half for overtime beyond the 40-hour workweek." Plaintiffs bring Count III pursuant to Quantum Meruit for payment of "the fair and reasonable value of their services" and "the fair and reasonable value of their overtime."[4] Plaintiffs ask that the matter be certified as a class action under Missouri Supreme Court Rule 52.08. For relief, Plaintiffs seek compensatory damages for themselves and other Class Members, reasonable attorney's fees and costs, statutory liquidated double damages under Count I, and other relief as the court deems just and proper.

In support of their Motion to Remand, Plaintiffs argue that this court does not have federal question jurisdiction because the First Amended Class Action Petition only alleges causes of action pursuant to State law; it does not allege a federal cause of action. Also, Plaintiffs have moved the court to order Defendant to compensate them for attorney's fees which they incurred as a result of Defendant's alleged improper removal. Defendant argues, for numerous reasons, that its removal of this matter was proper and that, even if this court should remand this matter, Plaintiffs should not be awarded attorney's fees. The court will address the parties' arguments below.

---

4 Federal jurisdiction is determined by "examination of the complaint" at the time it was filed, in this case by the Petition as it stood at the time of removal. Iowa Lamb Corp. v. Kalene Indus., Inc., 871 F.3d 1149, 1155 (8th Cir. 1994). In the original Petition, upon which removal was based, Plaintiff incorrectly numbered Count III as Count IV. Nonetheless, the original Petition was identical to the First Amended Class Action Petition in regard to the substantive allegations.

## II. LEGAL FRAMEWORK

Except as otherwise expressly provided by Congress, civil actions for which the district courts of the United State have original jurisdiction may be removed from State court to federal district court. 28 U.S.C. §§ 1441(a), 1446. A party opposing removal may file a motion to remand to State court. 28 U.S.C. § 1447(c). The party removing and opposing remand has the burden of establishing federal subject matter jurisdiction. Iowa Lamb Corp. v. Kalene Indus., Inc., 871 F.3d 1149, 1154 (8th Cir. 1994); In re Business Men's Assur. Co. of America, 992 F.2d 181, 182 (8th Cir. 1983 (per curiam). Upon considering a motion to remand, a district court is "required to resolve all doubts about federal jurisdiction in favor of remand." Business Men's Assurance, 992 F.2d at 182 (citing Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987)).

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (quoting Gully v. First Nat'l Bank, 299 U.S. 109, 112–113 (1936)). See also Gaming Corp. of America v. Dorsey & Whitney, 88 F.3d 536, 542 (8th Cir. 1996) ("The 'well-pleaded complaint rule' requires that a federal cause of action must be stated on the face of the complaint before the defendant may remove the action based on federal

question jurisdiction.") (quoting Caterpillar, 482 U.S. at 392). Because federal law provides that plaintiffs are the "masters of [their claims], [plaintiffs] may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, 482 U.S. at 392.

Even in situations where a cause of action based on a federal statute does not appear on the face of the complaint, such as in the matter under consideration, preemption based on a federal statutory scheme may apply in circumstances where "the pre-emptive force of a statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim." Caterpillar, 482 U.S. at 393 (internal quotation and citation omitted). See e.g., Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 65 (1987) (where former employee alleged breach of contract, retaliatory discharge, and wrongful termination of disability benefits in state court complaint, Court held that former employee's claims were preempted by the Employee Retirement and Income Security Act (ERISA); plaintiff's claims were necessarily federal in character; and, therefore, removal under 28 U.S.C. § 1441(a) was proper). An ordinary state common-law complaint may be converted into to a federal claim where "the pre-emptive force of a statute is [] extraordinary." Caterpillar, 482 U.S. at 393. Thus, although a plaintiff has only filed State law claims, a court may conclude that the plaintiff has "simply brought a mislabeled federal claim, which may be asserted under some federal statute."

Johnson v. MFA Petroleum Co., 701 F.3d 243, 247 (8th Cir. 2012) (internal quotation omitted).

As further explained by the Eighth Circuit, the exception to the well-pleaded complaint rule applies where a federal statute provides "an exclusive cause of action for the claim asserted and also set[s] forth procedures and remedies governing that cause of action." Johnson, 701 F.3d at 248. The Supreme Court has recognized that such circumstances arise only in three areas: § 301 of the Labor Management Relations Act (LMRA), Avco Corp. v. Aero Lodge No. 735, 390 U.S. 557 (1968); § 502(a) of ERISA, Metro. Life Ins. Co. v. Taylor, 481 U.S. 58 (1987); and §§ 85 and 86 of the National Bank Act, Beneficial Nat'l Bank v. Anderson, 539 U.S. 1 (2003). Johnson, 701 F.3d at 248.

## III.
## DISCUSSION

As stated above, Plaintiffs allege only State law claims. Thus, for this court to find that federal jurisdiction exists and consequently to deny Plaintiffs' motion seeking remand to State court, it must determine that the exception to the well-pleaded complaint rule applies. See Caterpillar, 482 U.S. at 393.

Defendant argues that Plaintiffs' cause of action is preempted by the Fair Labor Standards Act (FLSA), 29 U.S.C §§ 201, et seq. Indeed, the FLSA does not include a supersedure clause providing for federal preemption as does ERISA. Cf. Robertson v. LTS Mgmt. Servs., LLC, 642 F. Supp. 2d 922, 928 (W.D. Mo. 2009)

("[T]he FLSA does not expressly preempt all state law causes of action.") (quoting Osby v. Citigroup, Inc., 2008 WL 2074102, at *2 (W.D. Mo. May 14, 2008) (unreported)). See also Lechner v. Arvinmeritor, Inc., 2005 WL 1920746, at *5 (W.D.N.C July 14, 2005) (unreported) ("[W]hen enacting the FLSA Congress did not express any clear, unqualified intent to make claims such as those [the defendant] states removable to federal court. . . . The FLSA's legislative history does not include, as ERISA's does, plain statements that cases such as this one are intended to arise under the courts' federal question jurisdiction.").

Further, it is well established within this Circuit that the FLSA does not have the requisite preemptive force to convert a plaintiff's State claims to a claim under the FLSA. See e.g., Robertson, 642 F. Supp. 2d at 928 (duplication of claims does not mean that plaintiffs' state-law claim is preempted by their FLSA claim because the FLSA does not provide the exclusive remedy for its violations) (citing Bouaphakeo v. Tyson Foods Inc., 564 F. Supp. 2d 870 (N.D. Iowa 2008); Osby v. Citigroup, Inc., 2008 WL 2074102 (W.D. Mo. May 14, 2008)); Perrin v. Papa John's Intern., Inc., 2015 WL 4131358, at *14 (E.D. Mo. July 8, 2015) ("The FLSA "does not generally preempt state law claims in a given case."); Fry v. Accent Mktg. Servs., LLC, 2013 WL 2403669, at *2 (E.D. Mo. May 31, 2013) (agreeing "with the district courts within the Eighth Circuit that . . . have found no preemption under the FLSA of state common law claims"; "Most district courts in

the Eighth Circuit agree that . . . the FLSA does not provide an exclusive remedy for its violations.").[5]

Defendant suggests that Plaintiffs' reliance on Defendant's employee handbook as the factual basis for the breach of contract claim alleged in Count II invokes an exception to the well-pleaded complaint rule. Indeed, the LMRA, codified as 29 U.S.C. § 185(a), provides that suits for violations of collective bargaining agreements between a labor organization and an employer may be brought in the district court having jurisdiction over the parties. Specifically, federal preemption applies when "[t]he heart of the [state-law] complaint [is] a . . . clause in [a] collective bargaining agreement." Caterpillar, 482 U.S. at 394. Clearly, Plaintiffs' claims are not based on rights created by or dependent on a collective-bargaining agreement. See id. To the extent Plaintiffs rely on

---

[5] As noted by the district court in Fry, 2013 WL 2403669, at *2, there is authority from other circuits to the contrary. See, e.g., Anderson v. Sara Lee Corp., 508 F.3d 181, 194 (4th Cir. 2007) (holding that the plaintiff's state law contract, negligence, and fraud claims were preempted by the FLSA, under conflict or what is sometimes called implied preemption). This court, however, is bound to apply precedent established within the Eighth Circuit. See Hood v. United States, 342 F.3d 861, 864 (8th Cir. 2003); Anastasoff v. United States, 223 F.3d 898 (8th Cir. 2000).

District courts within the Eighth Circuit have held that, even when a plaintiff alleges both state and FLSA claims in a federal lawsuit and those claims are duplicative, a plaintiff's state law claims are not preempted. See Robertson, 642 F. Supp. 2d at 928 (duplication of claims does not mean that plaintiffs' state-law claim is preempted by their FLSA claim because the FLSA does not provide the exclusive remedy for its violations).[5]

Defendant's employee handbook as creating the contractual rights they claim in Count II of the First Amended Class Action Petition, the Supreme Court holds that the exception to the well-pleaded complaint rule does not apply to breaches of individual employment contracts, id. at 394-95 ("Section 301 says nothing about the content or validity of individual employment contracts."; "[I]ndividual employment contracts are not inevitably superseded by any subsequent collective agreement covering an individual employee, and claims based upon them may arise under state law."); and, under Missouri law, an employee handbook does not constitute a contract between employees and employer, see Johnson v. McDonnell Douglas Corp., 745 S.W.2d 661, 662 (Mo. 1988) (employee handbook did not alter at-will status of employee); West Cent. Mo. Reg'l Lodge No. 50 v. Bd. of Police Comm'rs of Kansas City, Mo., 939 S.W.2d 565, 567 (Mo. Ct. App. 1997) (personnel policy and benefit manual did not constitute a contract between defendant and its employees; defendant's unilateral act of publishing manual was not a contractual offer).

Defendant acknowledges that it is "well settled law" that "a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption." Caterpillar, 482 U.S. at 393 (citing Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 12 (1983)). This rule applies "even if the defense is anticipated in the plaintiff's complaint, and even if

both parties concede that the federal defense is the only question truly at issue." Caterpillar, 482 U.S. at 393. Defendant argues, however, that it does not assert preemption as a defense. (Doc. 17 at 11). Nonetheless, any proof regarding the impact of the FLSA would be in the form of a defense, and, as stated above, a possible federal defense does not create federal question jurisdiction. See Chapman v. Lab One, 390 F.3d 620, 625 (8th Cir. 2004) ("In the ordinary case, federal preemption is merely a defense to a plaintiff's state-law claim, and it does not alter the jurisdiction of the federal court.") (citing Metropolitan Life, 481 U.S. at 63). Cf. Merrell Dow Pharms. Inc. v. Thompson, 478 U.S. 804, 813 (1986) ("[T]he mere presence of a federal issue in a state cause of action does not confer federal question jurisdiction.").

To the extent Defendant argues that this court has federal question jurisdiction simply because Plaintiffs quote or refer to federal statutes or case law in their First Amended Class Action Petition, such a "mere reference . . . is not sufficient to create federal question jurisdiction." Kennedy v. Commercial Bank, 2012 WL 639014, at *2 (E.D. Mo. Feb. 27, 2010) (unreported) (citing I.S. v. Washington Univ., 2011 WL 2433585, *5 (E.D. Mo. Jun. 14, 2011) (unreported) (no federal question jurisdiction where state law claim for negligence per se referred to the Health Insurance Portability and Accountability Act (HIPAA), 42 U.S.C. §§ 1320d, et. al.); Taylor v. Lewis, 2011 WL 743747, *4 (E.D. Mo. Feb.

23, 2011) (unreported) (no federal question jurisdiction in claim for personal injuries involving HUD lease); Henderson v. Jordan, 2009 WL 2168692, *2 (E.D. Mo. July 17, 2009) (unreported) (no federal question jurisdiction where state law breach of fiduciary claim referred to SEC regulations).

To the extent Defendant argues that because Plaintiffs' claims are more properly brought pursuant to federal law and have no basis under Missouri law, Defendant cites no authority, and the court is not aware of any authority, to support an argument that under such circumstances the well-pleaded complaint rule is not applicable.

Additionally, to the extent Defendant argues that in the "meal break context" federal law provides a necessary element of Plaintiffs' cause of action and that, therefore, preemption applies, the Supreme Court holds that where "it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims," federal jurisdiction is not automatically conferred on a federal court; "the presence of the federal issue as an element of the state tort is not the kind of adjudication for which jurisdiction would serve congressional purposes and the federal system." Merrell Dow, 478 U.S. at 813-14 (holding that Franchise Tax Board, 463 U.S. at 13, "did not purport to disturb the long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction"; and finding no federal

cause of action where plaintiff alleged federal statute as an element of its cause of action). See also Kennedy, 2012 WL 639014, at *1 (rejecting defendant's argument that federal question jurisdiction existed because plaintiff's claims required "the resolution of substantial questions of federal law under the FLSA," where plaintiff brought no federal claims).

Additionally, Plaintiffs' "incidental" reference to federal law does not "convert [their] state claim[s] into a federal cause of action." Carter v. Edgewood Children's Center, 2009 WL 383357, at *2 (E.D. Mo. Feb. 12, 2009) (unreported) (where complaint alleged only one count, under Missouri Human Rights Act (MHRA), Mo. Rev. Stat. § 213.055.1, but also contained statements that employer violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., court asked pro se plaintiff to clarify under which act(s) she sought relief; court granted remand when plaintiff said she intended to assert a claim only under the MHRA).

Although the Missouri statute upon which Plaintiffs rely for their claims that Defendant wrongfully failed to pay them overtime, Mo. Rev. Stat. § 290.505.4, provides that it "shall be interpreted in accordance with" the FLSA, there is no authority that this provision federalizes causes of action asserting violations of Mo. Rev. Stat. § 290.505.4. Cf. Morales v. Showell Farms, Inc., 910 F. Supp. 244, (M.D. N.C. 1995) ("Even in the FLSA's core area of protection - minimum wage

and overtime regulation - the FLSA does not completely preempt state laws but only preempts them to extent that they are less generous than the FLSA.”).

The case upon which Defendant relies for the proposition that Plaintiffs’ cause of action is removable because it is really a FLSA matter, Breuer v. Jim’s Concrete of Brevard, Inc., 538 U.S. 691 (2003), is distinguishable because in Breuer the plaintiff alleged *both* state and federal claims; in the matter under consideration, Plaintiffs allege only Missouri claims. Likewise, Grable & Sons Metal Products, Inc., v. Darue Engineering & Manufacturing, 545 U.S. 308 (2005), upon which Defendant also relies, is distinguishable because it involved a contested federal issue regarding the validity of the Internal Revenue Service’s tax lien, and that issue was substantial; in the matter under consideration there is no substantial federal issue.

Other cases upon which Defendant relies are distinguishable because those cases were based solely on the FLSA and they did not involve removal. See e.g., Hertz v. Woodbury Cnty., Iowa, 566 F.3d 775 (8th Cir. 2009) (suit filed in federal court pursuant to FLSA for recovery of overtime pay); Barajas v. Acosta, 2012 WL 1952261 (W.D. Tex. 2012) (unreported) (suit filed in federal court under FLSA for failure to pay minimum wage and overtime). In any case, authority upon which Defendant relies from district courts of jurisdictions other than those within the

Eighth Circuit is not controlling, and, in this case, is no persuasive.[6] See Hood v. United States, 342 F.3d 861, 864 (8th Cir. 2003) (holding that at district court in the Eighth Circuit is bound to apply Eighth Circuit precedent).

In conclusion, the court finds that Defendant has not met its burden to establish that this court has federal question jurisdiction, and that, therefore, this matter should be remanded to State court. See Iowa Lamb Corp, 871 F.3d at 1154; Business Men's Assurance, 992 F.2d at 182.

## ATTORNEY'S FEES

Pursuant to 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."), Plaintiffs seek attorney's fees related to the removal and remand of this matter. Plaintiffs argue that attorney's fees should be awarded because Defendant lacked an objectively reasonable basis for seeking removal.

Recently, in Convent Corporation v. City of North Little Rock Arkansas, 2015 WL 1881241, at *2 (8th Cir. Apr. 27, 2015) (per curiam), the Eighth Circuit addressed the issue of when attorney's fees should be awarded upon the district court's granting a motion to remand to state court. As relevant, the Convent court held:

[6] Defendant cites Harper v. Massey Coal Servs., Inc., 2011 WL 322558 (S.D.W. Va. Feb. 2, 2011) (unreported) (removal was proper where plaintiff alleged violation of West Virginia wage and hour law and not violation of FLSA).

> "An order remanding a removed case to state court 'may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.'" [Martin v. Franklin Capital Corp., 546 U.S. 132, 134 (2005)]) (quoting 28 U.S.C. § 1447(c)). The Supreme Court has instructed that "the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Id. at 141 (citations omitted). This rule notwithstanding, a district court "retain[s] discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." Id. . . . .
>
> In determining whether the removing party lacked an objectively reasonable basis for seeking removal, "the district court 'do[es] not consider the motive of the removing defendant.'" Diaz v. Cameron Cnty. Tex., 300 F. App'x 280, 281 (5th Cir. 2008) (per curiam) (alteration in original) (quoting Valdes v. Wal–Mart Stores, Inc., 199 F.3d 290, 292-93 (5th Cir. 2000)). "Rather, the court must consider the objective merits of removal at the time of removal, irrespective of the ultimate remand." Id. (citing Valdes, 199 F.3d at 292–93).

Clearly, it does not necessarily follow that an award of attorney's fees follows remand unless the defendant was objectively unreasonable in its removal. Martin v. Franklin Capital Corp., 546 U.S. 132, 136-37 (2005) (rejecting plaintiff's argument that attorney's fees should be awarded automatically on remand; § 1447(c) uses the word "may" rather than "shall," and "'may' clearly connotes discretion"). Rather, awarding attorney's fees when a motion to remand is granted remains within a court's discretion. Id. at 139.

Upon defining its use of the term "discretion," the Supreme Court holds that "a motion to [a court's] discretion is a motion, not to its inclination, but to its judgment; and its judgment is to be guided by sound legal principles." Id. (internal quotation and citation omitted). The court finds that Defendant did have an objectively reasonable basis for removal. As such, the court finds, within its discretion, that Plaintiffs should not be awarded attorney's fees which they incurred as a result of Defendant's removal of this matter.

## CONCLUSION

For the reasons stated above, the court finds that Plaintiffs' Motion to Remand (Doc. 6) should be granted; that Plaintiffs' Motion for Attorney's Fees Under 28 U.S.C. § 1447(c) (Doc. 8) should be denied; and that this matter should be remanded to State court.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand is **GRANTED** (Doc. 6);

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Attorney's Fees Under 28 U.S.C. § 1447(c) is **DENIED** (Doc. 8);

**IT IS FURTHER ORDERED** that Defendant's Motion for Reconsideration and Dissolution of Court Order on Plaintiffs' Emergency Motion

to Enjoin Defendant's Contact with Putative Class Members is **DENIED**, as moot (Doc. 14); and

**IT IS FINALLY ORDERED** that this case is remanded to the Circuit Court of the City of St. Louis, Missouri. An appropriate Order of Remand shall accompany this Memorandum and Order.

Dated this 12th day of August 2015.

/s/ Noelle C. Collins
UNITED STATES MAGISTRATE JUDGE